## STRONG v. PATTERSON.

In an action against a sheriff for refusing to levy an attachment on certain property as belonging to the attachment debtor, testimony that the property had been claimed by a third party, and the right of property tried before a sheriff's jury, and decided in favor of claimant, is irrelevant and inadmissible, when those facts have not been set up as new matter of defence in the answer.

As under the statute the plaintiff, after the introduction of such testimony, would be bound to show that he had tendered an indemnity bond, he may well complain that he is taken by surprise, the issue not being tendered by the pleadings.

The objection to the introduction of such testimony on the ground that it is irrelevant, is sufficient.

APPEAL from the District Court of the Sixth Judicial District.

Action against the defendant, Sheriff of Sacramento Co., for refusing to attach and safely keep certain personal property as the property of Hardenbergh & Henarie, attachment debtors named in the writ.

The answer, among other defences, avers that previous to the issuance of the plaintiff's attachment, the attachment debtors, Hardenbergh & Henarie, had made a *bona fide* conveyance of the property to J. B. Bidleman, subject to certain prior attachments.

It does not set up however that after the issuance of plaintiff's attachment, Bidleman claimed the property, and that the defendant as

sheriff summoned a sheriff's jury to try the right of property, and that they found a verdict in favor of Bidleman.

On the trial, however, the Court allowed the defendant to introduce evidence of the claim, trial of right of property, and verdict, to the introduction of which testimony the plaintiff objected, on the ground that it was irrelevant.

*Robinson & Beatty,* for Appellant.

*Winans,* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This was an action in the Court below against the defendant as sheriff, for refusing to levy an attachment upon certain personal property.

The complaint is verified, as well as the answer. On the trial of the cause, the defendant offered evidence to prove a trial of the right of property by a sheriff's jury, and a verdict for the claimant. By the provisions of the statute in such cases, it would be necessary for the plaintiff to tender the Sheriff a sufficient bond of indemnity, before he could require him to seize the property, and by the admission of this testimony, the *onus* was thrown upon the plaintiff of establishing the fact that such bond had been tendered.

This defence should have been set up in the answer as new matter; the issue is not made or tendered by the pleadings, and the plaintiff might very well complain that he was taken by surprise.

While we hold that a general exception to the admission of testimony is insufficient, because the party offering it is entitled to know the ground of such objection, so that he may supply other evidence, or obviate it, we think an objection that the testimony is irrelevant is sufficiently explicit, as it can mean but one thing, viz. : that the testimony does not fit the case, or is not proper under the issues framed.

It is said, admitting this to be error, the plaintiff is not prejudiced, as the whole transaction was before the jury, particularly the *bona fides* of the sale by Hardenbergh & Henarie to Bidleman, and they have found for the defendant. It does not appear satisfactorily to us that this verdict was based upon the whole transaction, and establishes the truth of the matters set up in the defence. It is general, and may have been rendered upon the belief that no sufficient indemnity bond had been proffered, a fact which the plaintiffs were not prepared to prove.

This could hardly be said to be a case of *damnum absque injuria,* without we were fully satisfied of the reasons which influenced the verdict.

Judgment reversed, and cause remanded.