RICHARD W. BUDD, *et al.*, v. CHARLES F. KRAMER.

1. ERRORS, *When Unsubstantial.* Only errors which affect substantial rights can be considered in this court.

2. PETITION—*Omission to Attach Copy of Note.* When a petition on a promissory note sets out the note in full, and makes it a part thereof, an omission to attach a copy is not such an error as will authorize a reversal of the judgment.

3. PLEADING; *Setting out Instruments; Effect.* Where a pleading alleges that a party executed an instrument, and sets out the instrument in full, it is equivalent to alleging that he made all the covenants and promises contained in such instrument, and assumed all the liabilities created thereby.

4. NAME OR STYLE OF COURT. The "name of the court" is fully given in a petition entitled "State of Kansas, Leavenworth county, District Court 1st Judicial District."

*Error from Leavenworth District Court.*

QUESTIONS of practice only are determined in this case, and the opinion fully states how they arose. *Budd* and *Budd,* two of the defendants, demurred to the petition. The district court, at the November Term 1873, overruled the demurrer, and *Budd* and *Budd* bring the case here on error.

*Green & Foster,* for plaintiffs in error.

*Howsley & Singleton,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Charles F. Kramer brought an action in the district court of Leavenworth county, on a note, and to foreclose a mortgage given to secure the payment of the same. He made Richard W. Budd, Nancy E. Budd, David W. Eaves, Elisha Diefendorf, and James B. Wilson, defendants. The caption and style or name of the court were set forth thus: *"State of Kansas, County of Leavenworth, District Court 1st Judicial District, ss."* The following is a copy of said petition:

(*Caption, and Title.*) "The plaintiff says on the 28th of February 1873, defendants Richard W. Budd and Nancy E. Budd executed and delivered to him their promissory note, a copy of which, and the indorsements thereon, is hereto attached, marked 'A,' and made part hereof. All the interest due thereon to the 28th of August, 1873, has been paid. There is now due on said promissory note $440, and interest thereon from the said 28th of August to the present time, at the rate of twelve per cent. per annum, which the defendants refuse to pay, though often requested. At the time said defendants Richard W. Budd and Nancy E. Budd executed and delivered the aforesaid promissory note, and to secure the payment of the sum of money therein mentioned, according to the tenor of said note, they executed to plaintiff their mortgage-deed, which was by him delivered to and received for record on the 28th of February 1873, at 2 o'clock P. M., by M. C. Mast, register of deeds of the county of Leavenworth aforesaid, and by said register of deeds duly recorded in Liber 37 of Mortgages, at pages 489, 490 and 491, a copy

of which mortgage-deed, with the indorsements of said regis-
ter of deeds made thereon, is hereto attached, marked 'B,'
and made part hereof. The mortgage-deed has become abso-
lute. The defendants Eaves, Diefendorf and Wilson each
claim to own an interest in the real property described in said
mortgage-deed, the exact nature of which is unknown to the
plaintiff, further than that the same is inferior to the rights
of the plaintiff. Wherefore the plaintiff asks judgment
against defendants Richard W. Budd and Nancy E. Budd
for $440, and interest thereon at the rate of twelve per cent.
from the 28th of August 1873 until paid, and for the sum of
$50 attorney-fees, as stipulated in said deed, and that the
mortgage be foreclosed, and the land therein described sold,
as provided by law, and that defendants Eaves, Diefendorf
and Wilson be required to set up and make known their
interest in the real property aforesaid, and the same be ad-
judged inferior to the claim of the plaintiff, and for such
other and further relief as the plaintiff may be entitled to.

"HOWSLEY & SINGLETON, *Att'ys for Plaintiff.*"

Then follow copies of the note and mortgage as stated
above. To this petition the plaintiffs in error, Budd and
Budd, demurred, on the ground that the petition did not
state facts sufficient to constitute a cause of action. The de-
murrer was overruled, and the court rendered judgment and
decree of foreclosure and sale, to all of which plaintiffs in
error excepted. We see no error in this ruling, at least none
that under § 140 of the code will avail the plaintiffs in error.
That section declares that "the court, in every stage of
action, must disregard any error or defect in the pleadings
and proceedings which does not affect the substantial rights
of the adverse party, and no judgment shall be reversed
or affected by reason of such error or defect." Section 118
of the code requires in an action on a note that a copy be
"attached to and filed with the pleading," while § 123 author-
izes a party in such an action "to give a copy of the instru-
ment, with all credits and the indorsements thereon, and to
state that there is due to him on such instrument a specified
sum which he claims, with interest." Upon this counsel con-
tends, first, "that § 123 is not complied with by merely attach-
ing a copy of the instrument to the pleading, as required by

§ 118, and that the copy required by § 123 must be incorporated in, and thus made a part of the pleading, which is not done;" and second, "that the petition, after referring to the copy of the note attached to and filed with it, wholly fails to state, in accordance with § 123, that there is *due* to the *plaintiff* on the note, from the *adverse party*, a specified sum, which he claims, with interest." We do not understand the petition as do counsel. We think § 123 was complied with. The note was not simply attached to the pleading, as an exhibit; it was made part of, and incorporated into it. It was as much a part of the petition as though it had been copied into the body of the instrument. The place in which it is put is nothing. The pleader in very words makes it a part of his petition. It may be technically correct to hold that if it be a part of the petition it is not "attached to and filed with" it, and that therefore § 118 has not been complied with; but certainly no "substantial rights" of the plaintiff in error are affected thereby. The petition does not, in the language of the statute, allege that there is so much due the plaintiff from the defendants. But it does allege that there is due on the note so much, and the note shows that the defendants are the makers, and owe whatever is due thereon, and that the plaintiff is the payee, and entitled to receive whatever is due. This is abundant. The mortgage also is, as the note, made a part of the petition; and when it is alleged that the defendants executed a certain instrument, which is set out in full, it is equivalent to alleging that they made all the covenants and promises contained in such instrument, and assumed all the liabilities created thereby. The mortgage being to secure the note, when the latter became due the former could be foreclosed. The name of the court, it is claimed, is not properly given. We think it amply sufficient.

The judgment will be affirmed.

All the Justices concurring.