## MARY E. HAMRICK v̇. THE BOARD OF EDUCATION OF THE CITY OF WELLINGTON.

TEACHERS' CONTRACT, *Action Upon; Demurrer Wrongly Sustained.* Plaintiff sued defendant upon a teachers' contract, and in her petition alleged "that on or about the — day of — 1880, the defendant issued to the plaintiff a teachers' certificate of the — grade, and that the same remains of full force and effect, never having expired or been annulled." It also alleged the execution, on September 7th, 1880, of a written contract for teaching, a copy of which was made a part of the petition, and which recites that it is made "by and between the board of education of the city of Wellington, state of Kansas, and Mary E. Hamrick, a legally qualified teacher," and also provides that if her certificate shall be legally annulled the contract shall cease. *Held,* That a demurrer to the petition on the ground that it fails to show that plaintiff was a properly qualified teacher, and one with whom the defendant might make a valid contract, was improperly sustained; that this action was brought against the corporation itself, the school district, and not against the mere administrative or legislative body which has the general management and control of the schools; that the examining committee provided for by § 16 of article 11 of ch. 92, Comp. Laws of 1879, is, within the sphere of its duties, as fully the agent and representative of the corpo-

25 — 28 KAS.

ration as the administrative body, and that its acts within the scope of its authority are the acts of the corporation; and that an allegation that the defendant issued a teachers' certificate is equivalent to an allegation that this defendant, by its proper agent and representative, the examining committee, issued such certificate. And *held, further*, that though the exact day and month at which the teachers' certificate was issued is not stated, yet in view of the admissions made by the recitals of the contract itself, the petition sufficiently shows that the certificate was issued before the contract.

### *Error from Sumner District Court.*

At the October Term, 1881, of the district court, the defendant *Board of Education* had judgment against plaintiff *Mary E. Hamrick*, who brings the case here. The facts are stated in the opinion.

*McDonald & Hutchin,* and *Quigley & Reed,* for plaintiff in error.

*Herrick, George & Graham,* for defendant in error.

The opinion of the court was delivered by

Brewer, J.: Plaintiff in error (plaintiff below) brought her action in the district court of Sumner county, claiming to recover of the defendant a month's wages as school teacher, due upon a contract made between herself and defendant. A demurrer to the petition was sustained, and she brings the matter here for reëxamination. The ground upon which the demurrer was sustained is, that the petition failed to show that she was a qualified teacher at the time of the execution of the contract; and this is the only question presented for our consideration. An examination of the record discloses this:

The petition alleges "that on or about —— day of ——, 1880, the defendant issued to plaintiff a teachers' certificate of the —— grade, and that the same remains of full force and effect, never having expired or been annulled." It further alleges that on September 7, 1880, the parties entered into a written contract, a copy of which was annexed and made a part of the petition, by which the defendant em-

ployed the plaintiff to teach school for a period of nine months; that in pursuance of such contract she taught school for eight months and one week, and then defendant ordered the schools closed, and has paid her for only eight months' teaching. The contract upon its face recites that it is made "by and between the board of education of the city of Wellington, state of Kansas, and Mary E. Hamrick, a legally qualified teacher." It also contains a proviso, "That in case said teacher shall be legally dismissed from school, or shall have her certificate annulled by expiration or otherwise, then said teacher shall not be entitled to compensation from and after such dismissal and annulment." Art. 11, chap. 2, Comp. Laws 1879, provides for public schools in cities of the second class, and § 4 of said article organizes a body corporate, by the name and style of "The Board of Education of the City of ——————, of the State of Kansas." By § 7, a board of education, consisting of two members from each ward, is to be elected. This board, by other sections, has full control over the city schools. Section 16 provides that the board of education shall elect a school superintendent, in no case a member of its own body; that it shall also appoint two competent persons, who, with the superintendent as chairman, shall be styled "The Examining Committee of the Board of Education;" and also, that "No person, except one who holds a diploma from the state board of education, shall be elected by the board as teacher who cannot produce a certificate from the examining committee, signed by all or a majority of them." Now the argument of defendant in error is, that this proviso is mandatory; that a contract between the board of education and one not qualified as required therein is absolutely void; that a petition on a contract with the board of education must therefore show affirmatively that the plaintiff was a person qualified to enter into such contract; that the certificate of qualification does not come from the board of education, but from an independent board, styled, it is true, "The Examining Committee of the Board of

Education," but still an independent board, and one at least of whose members must be outside the board of education; that the allegation that the defendant issued to the plaintiff a teachers' certificate does not imply that this examining committee issued such certificate; and that hence the plaintiff's petition fails to show that the plaintiff was qualified to enter into such contract. Counsel further contend that even if this allegation were construed as showing possession of a proper certificate, yet the petition fails to show that such certificate was issued before the execution of the contract, no other date thereof being given than the year 1880, the contract having been executed September 7, 1880. This argument is not sound. It fails to distinguish between the two senses in which the words "the board of education" are used. They are used in one sense to designate that administrative body which has the general management and control of the schools, in the same sense that we speak of the common council or county commissioners. They are also used to describe the corporation itself, the school district, and here they are as comprehensive and descriptive as the term city or county, when applied to their respective organizations. Now this action is not brought against the board of education as a mere administrative or legislative body, but against the corporation itself. The administrative body is but the agent or representative of the corporation, and whether the examining committee be properly a part and parcel of the administrative body or not, yet it is equally with the administrative body, within its own sphere of duty, the agent and representative of the corporation. When the examining committee acts, it acts for the corporation; its acts are the acts of the corporation in the same sense that the acts of a city clerk or of a mayor within the sphere of his special duties are the acts of the city. It is a general rule that where an act is done by an agent for his principal, it is sufficient in a pleading to allege that the act was done directly by the principal. Thus a city warrant is signed by the mayor and at-

tested by the clerk; so with a license. In alleging the issue of either a warrant or a license, it is enough to state that the city issued it, and it is unnecessary to specify what officer or agent actually signed the instrument. Now the allegation in this petition is not that the administrative body (the board of education) issued the certificate, but that the corporation sued (the defendant) issued it; and this implies that it was issued by that agent or representative of the corporation (defendant) authorized to issue it; and as the statute provides the examining committee as the authority or agent to issue teachers' certificates, it is equivalent to an allegation that such committee had issued to the plaintiff a certificate. The first portion of counsel's argument therefore fails.

Neither can the latter portion, in respect to the matter of date, be sustained. It will be observed that there is no antagonism in the dates. The only claim is, that it is not affirmatively alleged that the certificate was issued before the date of the contract. It is frequently said that when dates named in a pleading do not appear to be antagonistic, they will be presumed to be harmonious. Whether that of itself would sustain this pleading, need not be determined, for the contract between the parties is made a part of the petition. This recites that the plaintiff is a legally qualified teacher, and also contains the provision that if her certificate be legally annulled, the contract between the parties shall cease. Putting these things together, the petition is obviously sufficient in the matter of date. The party who signs a contract, *prima facie* admits the statements in that contract to be true. So that we have here a specific allegation in the petition, of the issue of a certificate during the year 1880, the signing by defendant of a contract dated September 7, 1880, which recites that the plaintiff is a competent teacher, and recognizes her possession of a proper certificate. This is a sufficient *prima facie* showing of her qualifications as teacher, and that she was a party with whom the defendant might lawfully contract. (*Budd v. Kramer,* 14 Kas. 101.)

The ruling of the district court sustaining the demurrer

was erroneous, and the judgment must therefore be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.