THE STATE OF KANSAS v. SCHOOL DISTRICT NO. 3, CHAUTAUQUA COUNTY.

1. PETITION—*Allegations Construed Liberally.* Where an objection is made to the introduction of evidence upon the ground that the petition does not state facts sufficient to constitute a cause of action, the allegations of the petition should be construed liberally for the purpose of sustaining the petition.

2. COPY OF INSTRUMENT, *as Part of Petition.* Where an instrument in writing for the payment of money is sued on, and a copy of such instrument is attached to the petition and made a part thereof, such copy should be considered as a part of the petition when construing the allegations thereof.

3. THE STATE—*When Statute of Limitations Runs Against, When Not.* A statute of limitations will not run against the state or the sovereign authority unless the statute itself expressly so provides, or unless the implications of the statute to that effect are so strong as to be utterly unavoidable; and even where the state holds the claim or debt sued on, as the assignee or transferee of some individual person, still such statute of limitations will not run against the state where such statute had not commenced to run before the state obtained the claim or debt.

4. SCHOOL BONDS; *Purpose, Unrecited.* Where school-district bonds are issued under an act which provides that the bonds shall specify on their face for what purpose they are issued, but the bonds do not in express terms do so, but specify that they are issued in pursuance of the said act, and under such act bonds can be issued only for one purpose, *held,* that the bonds in effect specify for what purpose they were issued, and are therefore not void for the want of such specification.

5. SUIT on *School Bonds; Cause of Action Stated.* Where a petition, in an action against a school district upon its bonds, alleges that the school district made and issued the bonds, that it made and issued them by its proper officers for value received, and copies of the bonds are given and made a part of the petition, which show that the bonds were issued in pursuance of an act of the legislature authorizing such bonds, and the bonds appear to be valid upon their face, *held,* that the petition states a cause of action against the school district; and that if anything was done or omitted that would render the bonds invalid, it devolves upon the defendant to set the same up in its answer as a defense.

6. ———— *Consideration, Not Stated in Petition.* And *further held,* that it it is not necessary in such a case for the plaintiff to state in his petition the amount of the consideration for which the bonds were issued, or the prices fixed by the qualified electors of the district for the sale of the bonds.

*Error from Chautauqua District Court.*

ACTION brought by *The State of Kansas* against *School District No. 3, Chautauqua County,* to recover on seven school-district bonds and thirty-five accompanying coupons. The petition contained a separate count and a separate statement of a cause of action upon each of the seven bonds and on each of the thirty-five coupons. The statement of the cause of action upon the first bond reads as follows:

"On the first day of January, 1873, at Peru, in the county of Howard and state of Kansas, School District No. 135, county of Howard, state of Kansas, the same being then a school district duly organized and existing under the laws of the state of Kansas, and acting as such, and by J. O. Greytrax, director, Albert Kees, clerk, and J. M. Brown, treasurer of said district, the same having been duly elected, appointed, qualified and acting as such officers, made and issued its certain bond, dated on said day at said place, whereby, for value received, it promised on the first day of June, 1875, to pay to A. B. Close or bearer two hundred dollars, at the banking house of W. N. Coler & Co., in the city of New York, with interest at the rate of ten per cent. per annum, payable annually, on the first day of June of each year, according to divers coupons thereto attached, which bond, in order to distinguish it from others of like character, was marked No. 'One.' A copy of said bond is hereto attached, and made part hereof. On the sixteenth day of January, 1873, said bond was duly registered in the office of the county clerk of said Howard county, Kansas.

"And said plaintiff further says, that in pursuance of an act of the legislature of the state of Kansas, entitled 'An act to divide the county of Howard, and to erect the territory thereof into the counties of Chautauqua and Elk, to provide for the due organization of said counties, the filling of vacancies in offices, for the proper division of the property and indebtedness of Howard county, and in regard to the taxes and records thereof,' approved March 3, 1875, the territory embraced in School District No. 135, of Howard county, Kansas, became, and still is, a part of Chautauqua county, Kansas. Thereupon, said Chautauqua county being organized, in pursuance of the act of the legislature aforesaid, the county superintendent of said Chautauqua county proceeded to and did change the name of said School District No. 135, Howard county, to said

defendant School District No. 3, Chautauqua county, state of Kansas; that said School District No. 3, Chautauqua county, lies wholly within the boundaries of the former School District No. 135, of Howard county, Kansas, and includes within its borders all the inhabitants of School District No. 135, Howard county, and is the same corporate entity as School District No. 135, Howard county, Kansas. And plaintiff further says, that School District No. 135, Howard county, Kansas, is wholly merged in and become a part of said School District No. 3, of Chautauqua county, state of Kansas, which has succeeded to and become possessed of all the property, rights and privileges formerly enjoyed by said School District No. 135, Howard county. Before said bond by its terms became due and payable, the said bond came to and for value became the property of this plaintiff, the same having been sold and delivered for a valuable consideration to the commissioners of the permanent school fund of the state of Kansas for this plaintiff, who therefore became, and ever since has been and still is, the true and lawful owner and holder thereof. When said bond by its terms became due and payable, the same was duly presented at the place of payment therein mentioned, and payment demanded, but refused because said defendant had not, nor had said School District No. 135, Howard county, nor did either of said districts, ever have funds at said place. The said plaintiff has often applied to said defendant to pay the said bond, but it has refused to do so, notwithstanding it is justly indebted thereon to the plaintiff in the full sum of two hundred dollars, which it claims, with interest at the rate of ten per cent. per annum from the first day of June, 1875."

The statement of the cause of action upon each of the other bonds is precisely the same as the statement of the cause of action upon the first bond, except that such statements show that the bonds were numbered consecutively from one to seven, and became due in successive years from June 1, 1875, to June 1, 1881. The statement of the cause of action upon each of the coupons is precisely the same as the statement of the cause of action upon the bonds, except that clauses with reference to the coupons are added. A copy of each of the bonds and of each of the coupons is attached to the petition and made a part thereof, and a part of the statement of the cause of action to which it properly belongs. The first bond reads as follows:

UNITED STATES OF AMERICA.

No. 1.]                    STATE OF KANSAS.                    [$200.

DISTRICT SCHOOL BOND OF SCHOOL DISTRICT NO. 135, HOWARD COUNTY.

Know all men by these presents, that School District No. 135, county of Howard, state of Kansas, is indebted unto A. B. Close or bearer, in the sum of two hundred dollars, lawful money of the United States, to be paid on the first day of June, 1875, at the banking house of W. N. Coler & Co., in the city of New York, with interest at the rate of ten per cent. per annum, payable annually, on the first day of June of each year, on presentation of the annexed coupons, as the same becomes due. This bond is issued in pursuance of an act of the legislature of the state of Kansas, entitled "An act to enable school districts in the state of Kansas to issue bonds," approved February 26, 1866, and acts amendatory and supplemental thereto.

In testimony whereof, this bond has been issued, signed by the director, countersigned by the clerk, and registered by the treasurer of said district.

Dated at Peru, county of Howard, state of Kansas, this first day of January, 1873.                    J. O. GREYTRAX, Director.

Countersigned: ALBERT KEES, Clerk.

Registered by J. M. BROWN, Treasurer.

[Indorsed:] No. 1.—$200.—State of Kansas.—Registered school bond of School District No. 135, Howard County. — Ten per cent. interest.— Payable annually, on the first day of June, at the banking house of W. N. Coler & Co., New York.—Matures June 1, 1875.

Each of the other bonds is the same as this, except as to number and date of maturity. The first coupon attached to the first bond reads as follows:

"School District No. 135, county of Howard, Kansas, will pay to bearer, on the first day of June, 1874, twenty-eight and 33-100 dollars, at the banking house of W. N. Coler & Co., in the city of New York, being one year's interest on bond numbered one.—ALBERT KEES, Clerk; J. O. GREYTRAX, Director."

Each of the other coupons is the same as this, except as to number and date of maturity.

The defendant answered to the plaintiff's petition, setting up five separate defenses; and the plaintiff replied to this answer by filing a general denial. Upon the issues made up by these pleadings, the action came on for trial before the court without a jury, at the November Term, 1883, and the plaintiff, to maintain the issues on his part, put a witness on the stand and asked him a question; whereupon the defendant objected to the introduction of any evidence under the petition, upon the ground that the same did not state facts sufficient to constitute a cause of action against the defendant, and the court sustained the

defendant's objection and dismissed the plaintiff's action; to all of which the plaintiff duly excepted, and now brings the case to this court for review.

*W. A. Johnston*, attorney general, for The State; *Edwin A. Austin*, of counsel.

*Chas. J. Peckham*, and *M. B. Light*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. : The only ruling of the court below complained of in this case is, the sustaining of an objection made by the defendant to the introduction of any evidence under the plaintiff's petition, upon the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant, and the dismissal of the plaintiff's action upon the same ground.   Preliminarily, we would say that such an objection is not favored by courts, and that where the sufficiency of the petition is raised for the first time and only by such an objection, the courts will construe the allegations of the petition very liberally for the purpose of sustaining the petition, if it can reasonably be sustained.  (*Barkley v. The State*, 15 Kas. 99, 107; *Mitchell v. Milhoan*, 11 id. 617, 625, 626, and cases there cited.)

1. Petition; allegations construed liberally.

Also, in this case, besides the direct allegations contained in the body of the petition, copies of the bonds and coupons sued on were attached to and made a part of the petition; and therefore in construing the allegations of the petition the contents of the bonds and coupons as contained in such copies must also be considered as a part of the petition.  (*Budd v. Kramer*, 14 Kas. 101, 102, et seq.   See also *Reed v. Arnold*, 10 Kas. 103; *Campbell v. Blanke*, 13 id. 64; *Andrews v. Alcorn*, 13 id. 351.)

2. Copy of instrument as part of petition; construction.

Besides, § 123 of the civil code provides, among other things, that —

"In an action, counterclaim, or set-off, founded upon an account, promissory note, bill of exchange, *or other instrument*, for the unconditional payment of money only, it shall be suf-

16 — 34 KAS.

ficient for a party to give a copy of the account or instrument, with all credits and the indorsements thereon, and to state that there is due to him on such account or instrument from the adverse party a specified sum, which he claims with interest."

The first objection made by the defendant to the plaintiff's petition is, that a portion of the forty-two causes of action set forth therein is barred by the five-years statute of limitations contained in the first subdivision of §18 of the civil code. But this objection can certainly avail nothing; for if any one of the several causes of action set forth in the plaintiff's petition is good, the court below should not have sustained the objection of the defendant to the introduction of all evidence under the petition, and should not have dismissed the plaintiff's action. The action was commenced on December 18, 1882, and at least fourteen of the several causes of action set forth in the plaintiff's petition accrued within less than five years prior to that time. These causes of action cannot therefore be considered as having been barred by any statute of limitations when this action was commenced. But are any of the causes of action set forth in the plaintiff's petition barred by any statute of limitations? Now it is universally held by courts that no statute of limitations will run against the state or the sovereign authority unless the statute itself expressly so provides, or unless the implications of the statute to that effect are so strong as to be utterly unavoidable. It requires no citation of authorities to sustain this proposition. Even where there is a doubt as to whether the state was intended to be included within the provisions of the statute, the doubt must be solved in favor of the state and the state held not to be included. (*Des Moines County, to the use of, &c., v. Harker*, 34 Iowa, 84, and cases there cited.) And even where the state holds the claim or debt sued on, as the assignee or transferee of some individual person, still the statute of limitations will not run against the state where such statute had not commenced to run before the state obtained the claim or debt. (*United States v. White*, 2 Hill, 59.)

We need not decide the question whether the statute would

3. The state, when statute runs against— when not.

continue to run, and to run against the state, where the state procured the claim or debt after the statute had commenced to run, for no such question is involved in this case. We think that no statute of limitations has so run against the state in the present case as to bar any of the causes of action set forth in the plaintiff's petition.

The next question urged by the defendant against the plaintiff's petition is, that the bonds set forth therein and sued on do not state, as required by the statute, the purpose for which they were issued. The bonds were issued under § 1 of an act entitled "An act to enable school districts in the state of Kansas to issue bonds," approved February 26, 1866, as amended by § 1, chapter 95, of the Laws of 1872; and that section provides, among other things, that "they [the bonds] shall specify on their face the date, amount, *for what purpose issued*, to whom, the time they run, and the rate of interest," while the bonds in the present case do not in terms specify for what purpose they were issued. We think, however, under the present circumstances and as the question is now presented, that the bonds are sufficient in this respect.

4. School bonds; purpose, unrecited.

It must be remembered that the question has been raised only by an objection to the introduction of evidence under the petition. It must also now be considered that the bonds were issued in good faith; that the school district received ample compensation for them; and that the state of Kansas is an innocent and *bona fide* purchaser of them; for nothing appears to the contrary in the petition, and all the allegations of the petition would tend to indicate this. We have stated that the bonds do not in terms specify upon their face the purpose for which they were issued; but we think they do in effect. The bonds specify on their face that they were "issued in pursuance of an act of the legislature of the state of Kansas, entitled 'An act to enable school districts in the state of Kansas to issue bonds,' approved February 26, 1866, and acts amendatory and supplemental thereto." Now under that act bonds could be issued only for one purpose—that of providing a school house for the district, either by erecting or purchasing the same. It is

true that it was not necessary that the bonds should recite the act under which they were issued, and it was necessary that they should recite the purpose for which they were issued; but as the bonds did recite the act under which they were issued, and as that act authorizes bonds to be issued only for one purpose, the bonds do in effect recite the purpose for which they were issued.

The next point made by the defendant is, "that none of the several counts of said petition allege or show that the conditions precedent, or any of them, had been complied with when said bonds were made and executed." We think the petition is sufficient. It alleges that the school district made and issued the bonds; that it made and issued them by its proper officers, for value received; and copies of the bonds are given and made a part of the petition, which show that the bonds were issued in pursuance of the said act of the legislature of 1866, and the acts amendatory and supplemental thereto; and we think the bonds are valid upon their face. (See § 123 of the civil code above cited.) Presumptively, the school district and its officers acted in good faith and according to law, and the officers did their duty; and if anything was done or omitted that would render the bonds invalid, it is for the defendant to set the same up in its answer as a defense. In this connection we would cite the case of *Mosher v. School District*, 42 Iowa, 632.

5. Suit on school bonds; cause of action stated.

The fourth and last objection made by the defendant to the plaintiff's petition is, "that none of the several counts of said petition allege or show that the conditions precedent to the sale of said bonds had been complied with when said bonds were negotiated and sold, or that they were sold at a price fixed by the district, as required by law." What has been said with reference to the last preceding objection may be said with reference to this. The petition alleges that the bonds were made and issued by the school district and its officers, for value received, and the copies of the bonds show that they were made and issued in pursuance of the statute in such cases made and provided, and presumptively they were made and issued in ac-

cordance with law.   It was not necessary for the plaintiff to
state in its petition the amount of the consideration
**6. Consideration, not stated in petition.** for which the bonds were issued, or the prices fixed
by the qualified electors of the district for the sale
of the bonds.   When the bonds were issued they passed from
the district and beyond its control, and into other hands, and
presumptively they were valid; but if for some reason they
were not valid, it devolves upon the defendant to allege and
prove their invalidity.   The petition certainly does not show
that they are invalid, but on the contrary shows that they are
valid.

The judgment of the court below will be reversed, and the
cause remanded for further proceedings.

HORTON, C. J., concurring.

JOHNSTON, J., having been of counsel, did not sit.   ·