[No. 13398.   Department Two. — January 29, 1890.]

MARTHA R. WHITBY, RESPONDENT, *v.* ELMER E. ROWELL, APPELLANT.

FORECLOSURE OF MORTGAGE — DESCRIPTION OF PREMISES — EXHIBIT. — When the complaint in an action to foreclose a mortgage has a copy of the mortgage annexed as an exhibit, to which it refers, a correct description of the land in the mortgage is sufficient for all purposes of the suit.

APPEAL — DAMAGES FOR DELAY. — When an appeal is evidently for delay, the judgment will be affirmed, with damages.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Elmer E. Rowell, in pro. per.*, for Appellant.

*Carter & Smith*, for Respondent.

McFARLAND, J. — Action to foreclose a mortgage. Defendant, Rowell, demurred to the complaint. The demurrer was overruled, and said defendant refusing to answer, judgment went for plaintiff. From the judgment, Rowell appeals.

The demurrer was on the general ground of a failure to state sufficient facts, and also on the ground of want of jurisdiction. It resolves itself into the point that the complaint contains no description of the land mortgaged, and does not show that it was situated in the county of San Bernardino. The complaint contains a copy of the mortgage, which has a full description of the mortgaged premises. Appellant's point is, that the complaint is defective in this regard, because the copy of the mortgage is in an exhibit which is attached to and made part of the complaint. This has been held to be sufficient in a number of cases, and pointedly in *Emeric* v. *Tams*, 6 Cal. 156, — a case precisely similar to the case at bar. The appeal was evidently for delay.

Judgment affirmed, with two hundred dollars damages, and costs.

SHARPSTEIN, J., and THORNTON, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 28th of February, 1890:—

The COURT.— In their petition for a rehearing of this cause, counsel for appellant complain that the Department, in its decision, has failed to notice several points arising upon the record. This may be so, but it is certainly true that the Department noticed and decided— correctly, as we think— the only point which was mentioned in the appellant's brief. If parties appealing to this court do not take the trouble to call attention to the points upon which they rely, they cannot reasonably expect us to search the record in order to find them, or to order rehearings for the purpose of considering them by piecemeal.

The case of *City of Los Angeles* v. *Sigornet*, 50 Cal. 298, was not referred to in the opinion, but there is a clear distinction, we think, between that case and this case, and between that case and *Emeric* v. *Tams*, referred to in the opinion.

Rehearing denied.