## L. C. GRIMES *et al.* v. J. C. CULLISON.

1. MOTION TO MAKE MORE DEFINITE AND CERTAIN.  Where a motion to make a petition more definite and certain is filed, and such motion fails in any manner to point out wherein the petition is indefinite and uncertain, it is not error to overrule such motion

2. EXHIBITS—*When a Part of Petition.*  Where the instrument, which is the basis of the action, is attached by copy to the petition and made a part thereof, such copy should be considered as a part of the petition, when construing the allegations thereof

*Error from the Probate Court of Oklahoma County.*

J. C. Cullison brought an  action in the  court below against D. C. Grimes, A. Bleeker, W. T. Hale and C. A.  Towler, upon an  attachment undertaking, to recoved the  sum  of  $205, damages claimed for a violation of the  bond.·  Judgment was  entered for the plaintiff  below.  The defendants bring this case to this court.

*J. Milton,* for plaintiff in error.

*Wilson & Atchinson,* for defendants in error.

The opinion of the court was delivered by

DALE, C. J.:  October 23, 1894, J. C. Cullison brought an action in  the  probate court of Oklahoma county against L. C. Grimes, *et al.,* upon an undertak· ing bond in an  attachment proceedings.  In his petition he alleged in substance, that the  defendants on the 28th day of August, 1893, undertook, by their certain obligation, to pay to the plaintiff  the sum of $205 if the certain attachment suit then filed should prove to be obtained unlawfully and  wrongfully, a copy of which undertaking is attached to the petition and made a part thereof.  He alleged, further, in the petition, that the case came on for. hearing on the motion

to discharge the attachment, which motion was by the court sustained, and he attached to the petition a copy of the judgment dissolving the attachment, and made the same a part of his petition.   He also alleged that he sustained damages in the sum of $205, and attached to the petition a verified account, and made such account a part of his petition, and upon such petition asked a judgment.   To this petition the defendants first filed a motion to make the same more definite and certain, which was, by the probate judge overruled.   Defendants below then filed a demurrer upon the ground that the petition failed to state facts sufficient to constitute a cause of action; which demurrer was also overruled.   The defendants then answered setting up a counter-claim, set off, etc.   A trial was had to a jury, and a judgment rendered in favor of the plaintiff below in the sum of $3.37 and costs.   The defendant brings the case here upon a case-made which contains simply the pleadings, motions and demurrers, verdict and judgment upon the verdict, and motion for a new trial.

In the record before us there are two questions raised,

1. Error in the court below in failing to sustain the motion to make more definite and certain.

2. Error in overruling the demurrer to the petition.

I. Upon the first proposition it appears from the record, that, in the motion to make more definite and certain, the defendants below failed to point out wherein the petition was indefinite and uncertain, and we do not think, in the absence of such matter in a motion, the court below committed any error in overruling the same.   If the petition be indefinite or uncertain, it is the duty of counsel, in moving to have the same made more definite and. certain, to specifically set out wherein they desire relief at the hands of the court;

if they fail to so set out in their motion, it is not error to overrule the same.

II. The question involved in the ruling of the court below upon the demurrer to the petition would be, by this court, perhaps favorably considered, if the same propositions involved had not received a settled construction by the courts of Kansas from whence our practice code was adopted. The petition filed in this case, in the court below, without the exhibits, would not be a good petition; with the exhibits, giving to such exhibits all of the force and effect which they would have if they were set out in full in the petition, the petition states a cause of action. While we are not prepared to fully assent to the proposition that it is good practice to permit pleadings to be drawn as they are in this case, making it necessary, in order to sustain the petition, to go to the exhibits and include them in their entirety in the petition, yet, inasmuch as this question has been settled by the supreme court of the state of Kansas, and the legislature of this territory adopted the civil procedure of that state, with such construction placed thereon, we feel bound to affirm the decision of the lower court. For a discussion of the propositions involved in this question, upon the demurrer, see *Budd v. Cramer*, 14 Kan. 101; *State v. School District No. 3*, 34 Kan. 237; *Ward v. Clay*, 23 Pac. 208.

The judgment of the court below is affirmed; all the Justices concurring.