# LONG v. SHEPARD.

No. 1878.    Opinion Filed January 17, 1913.

Rehearing Denied February 25, 1913.

(130 Pac. 131.)

1. **PLEADING—Exhibits—Effect.** It is not good practice, unless so required by statute, to make a mere exhibit a part of the petition.

    (a)  It is better to make a direct statement of the facts in the order in which they occur; this being the orderly method a good pleader will observe.

    (b)  However, when an exhibit is made a part of the petition, although not required by statute, and the other allegations in said petition, when taken in connection with the contents of the exhibit, state a cause of action, reference may be had to such exhibit, in order to determine whether a cause of action has been stated to such an extent as to withstand a general demurrer.

    (c)  Though an instrument may not be required by statute to be attached as an exhibit, yet if it is attached as a part thereof, and its execution is alleged in the petition, and its substance therein pleaded, so far as necessary and applicable to the cause of action sued on, and its execution is not denied under oath, on the trial its execution will be taken as admitted.

2. **SAME—Motions—Judgment on Pleading.** When, under the allegations of the petition and the admissions in the answer, the plaintiff is entitled to judgment on the pleadings, it is error to deny a motion for such purpose.

3. **SAME.** When, under the pleadings, it is averred that L., by a clause in a deed executed prior to Act of April 26, 1906, c. 1876, sec. 19, 34 U. S. St. at L. 144, and before the restrictions were removed from the allotment of the grantor, it was stipulated that said grantor agreed ''to execute a good and sufficient deed of conveyance to said defendant for said eighty acres of land when his restrictions upon the power to alienate said land were removed,'' and said written contract is attached to the petition as a part thereof, and its execution is not denied, and it is further averred that after removal of restrictions said L. executed to S. a deed to said 80 acres of land, pursuant to said stipulation, said deed, as to said 80 acres of land, is void; and judgment to that extent should have been entered on the pleadings, upon motion, in favor of L.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Daniel A. Long against John E. Shepard. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*C. Dale Wolfe* and *Wilmott & Wilhoit,* for plaintiff in error.

*Rogers & Harris* and *Crump, Skinner & Bailey,* for defendant in error.

WILLIAMS, J. This proceeding in error is to review a judgment of the lower court, wherein the plaintiff in error, Daniel A. Long, as plaintiff or complainant, filed a bill or petition against the defendant in error, John E. Shepard, as defendant or respondent, praying for the cancellation of a deed to 120 acres of land, covering a part of the allotment of said plaintiff, on the ground (1) that the same was obtained by fraud, and (2) that it was executed and obtained in violation of section 19 of Act of Congress of April 26, 1906, c. 1876, 34 U. S. St. at L. 144, which is as follows:

"And every deed executed before, or for the making of which a contract or agreement was entered into before the removal of restrictions, be, and the same is hereby, declared void."

In the bill or petition filed by plaintiff on March 17, 1909, he alleges that he is a citizen of the Creek Nation, and, as such, had allotted to him said land; that on April 26, 1905, being seised in fee simple of said tract of land, he executed and delivered a warranty deed (which he attached as an exhibit), covering 80 acres of said tract, to defendant, agreeing by the terms of said deed "to execute a good and sufficient deed of conveyance to said defendant for said eighty acres of land when his restrictions upon the power to alienate said land were removed," this being prior to the date of the removal of his restrictions; that on August 1, 1907, said plaintiff executed and delivered to said defendant another deed of conveyance for said 80 acres of land, the plaintiff renewing "the understanding and agreement that the plaintiff would make, execute and deliver to defendant a good and valid deed of conveyance for said eighty acres of land as formerly agreed;" that on August 9, 1907, he executed another deed to said defendant, covering said 80 acres of land and also the other

40 of said 120 acres, but the same was done under false representations, such as constituted fraud, etc., and such as to avoid said conveyance as to said 40 acres of land.

It is further specifically averred in said bill as follows:

"That before the removal of restrictions upon the alienation of any of the land described and included in said deed, * * * the defendant made and entered into a contract and agreement with the plaintiff for the making and execution of a deed to said 80 acres of land herein described as the east half of plaintiff's allotment, and included in said fraudulent deed of August 9, 1907, as soon as the restrictions upon the alienation thereof were removed; that in pursuance of said contract and agreement, on the 9th day of August, 1907, the defendant procured and received from plaintiff, and plaintiff made and executed to the defendant, a deed for said 80 acres of land, which deed is absolutely void. That, should this court so require, this plaintiff hereby offers, and is ready and willing, to do equity by making, executing, and delivering a good and valid deed to defendant for said 80 acres of land according to the contract and agreement between the parties herein referred to, and hereby offers and tenders such deed; that defendant contracted and agreed to pay the sum of thirteen hundred dollars ($1,300.00) to plaintiff for said 80 acres of land; that eight hundred and sixty dollars ($860.00) thereof has been paid, and the sum of four hundred and forty dollars ($440.00) is the balance of the unpaid purchase price, which sum is due and wholly unpaid. Wherefore, plaintiff prays judgment for the cancellation of said deed of the 9th day of August, 1907; * * * that the same be delivered up, canceled and declared null and void and of no effect, and that the record of said land in the office of the register of deeds be purged, cleared, and discharged of said fraudulent conveyance and deed; but, if for any reason said deed cannot be canceled, in its entirety, then that it be canceled and be held null and void and of no effect as to the additional 40 acres of land herein described as fraudulently procured and included in said void deed; that plaintiff be adjudged to be the absolute owner in fee simple of said 40 acres of land, and that the defendant be required to deliver up possession of the same, with damages for the unlawful detention, use, and possession thereof in the amount of $3 per acre per annum from the 1st day of January, 1908, and for all damages for injury to said freehold or estate; that, if plaintiff be required to reconvey said 80 acres of land to defendant, said plaintiff be given judgment against defendant in the sum of $440, with interest thereon at the rate of 6 per cent. per annum from the 9th

day of August, 1907, until paid, and that the same, together with all damages for the use, possession, unlawful detention, and injury to said 40 acres of land, above described, be declared a lien on said 80 acres of land until paid; for all costs of this action, and all other proper relief, both at law and in equity, which this plaintiff may be entitled to."

Defendant answered by general denial and also averred:

"That long prior to the 9th of August, 1907, he had loaned and furnished plaintiff large sums of money, and that plaintiff had agreed that when the restrictions were off his land, and he could make a good title, that he would convey to this defendant fee-simple title to his surplus allotment in the Creek Nation; that on the 9th day of August, 1907, said plaintiff, by his warranty deed of that date, conveyed to the defendant herein by his warranty deed; * * * that the plaintiff understood fully at the time of the execution of the deed that he was selling 120 acres of land, and that the consideration was on that date, or soon thereafter, paid in full; that the plaintiff, on the 9th day of August, 1907, and at all times thereafter, understood that he had sold 120 acres of his land, and made no complaint as to the transaction until about the time of the filing of this suit."

Defendant's answer was not verified.

The deed alleged to have been executed on the 1st day of August, 1907, was averred to be in the possession of defendant, and for that reason a copy was not attached. From the pleading it appears that the deed of August 9, 1907, was made by virtue of a written stipulation, contract, or agreement entered into before the removal of restrictions.

Plaintiff moved for judgment on the pleadings, which was denied. The court's action is now before this court for review.

It is not good practice to make a mere exhibit a part of the petition; it being better to make a direct statement of the facts in the order in which they occur. This is the orderly method which a good pleader will observe. Where, however, an exhibit is made a part of the petition, and the other allegations therein, taken in connection with the contents of such exhibit, state a cause of action, reference may be had to such exhibit for such purpose, as against a general demurrer. *Whiteacre v. Nichols*, 17 Okla. 387, 87 Pac. 865; *Grimes v. Cullison*, 3 Okla. 268, 41 Pac. 355; *Wey et al. v. Bank of Hobart*, 29 Okla. 313,

116 Pac. 943; *Pefley v. Johnson*, 30 Neb. 529, 46 N. W. 710; *Emeric v. Tams*, 6 Cal. 156; *Whitby v. Rowell*, 82 Cal. 635, 23 Pac. 40, 382; *Savings Bank of San Diego County v. Burns*, 104 Cal. 473, 38 Pac. 102; *Hays et al. v. Dennis*, 11 Wash. 360, 39 Pac. 658. This ruling agrees with the liberal code procedure, which was devised to do away with technical defenses.

The question now arises as to whether an answer setting up a general denial is sufficient to put in issue the execution, as well as the validity, of the deeds attached as exhibits to plaintiff's bill or petition, without said answer having been verified.

Every pleading in a court of record must be subscribed by the party or his attorney. Section 5647, Comp. Laws 1909; section 3985, St. Okla. 1893. In all actions allegations of the execution of written instruments, and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney. shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. Section 5648, Comp. Laws 1909; section 3986, St. Okla. 1893.

Though such instrument may not be required by the statute to be attached as an exhibit, yet, if execution is alleged in the petition, and the substance of it stated therein, so far as necessary and applicable to the cause of action, and its execution was not denied under oath on the trial, its execution will be taken as admitted.

In this case the allegation of the execution of the instrument, as to the deed, to wit, April 26, 1905, is made in the petition. The matters relative to the clause therein contained, as to the agreement or stipulation to execute a good and sufficient deed of conveyance to said defendant for 80 acres of land when his restrictions upon his power to alienate said land were removed, are well pleaded in the petition. Likewise the allegation of the execution of the deed of August 1, 1907, and the allegation of the agreement are sufficiently pleaded in the petition. *St. Louis & S. F. R. Co. v. Cake*, 25 Okla. 227.

The judgment of the lower court is remanded, with instructions to enter judgment in favor of the plaintiff in error for the cancellation of the deed of August 9, 1907, as to said 80 acres of land that were covered by the deed of April 26, 1905, but in favor of the defendant in error as to the other 40 acres of land contained in said deed of August 9, 1907.

All the Justices concur.