## CHAMPION et ux. v. OKLAHOMA CITY LAND DEVELOPMENT CO. et al.

No. 6905—Opinion Filed March 21, 1916.

Rehearing Denied Oct. 24, 1916.

(156 Pac. 342.)

### 1. Appeal and Error—Record—Conflict.

Where the statutes require that the case-made shall be attached to and filed with the petition in error, such case-made is a necessary exhibit to the petition in error, and will control the allegations of the petition in error,

where it incorrectly describes the case-made or the proceedings set forth therein.

## 2. Appeal and Error—Proceedings for Transfer of Cause—Waiver.

A waiver of service of summons in error includes the filing of praecipe and issuance of summons in error. A waiver will extend to all matters which by necessary implication are included therein.

## 3. Appeal and Error—Record—Sufficiency.

A recital in the case-made of due extension of time and of the filing of such orders, together with the orders themselves, signed and filed, although one of such orders does not show the date of filing, is a substantial compliance with the law.

(Syllabus by Clay, C.)

Error from Superior Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by T. F. Champion and another against the Oklahoma City Land & Development Company and others. Judgment for defendants, and plaintiffs bring error. Motion to dismiss appeal denied.

Ledbetter, Stuart & Bell, for plaintiffs in error.

W. F. Harn and H. S. Hurst, for defendants in error.

Opinion by CLAY, C. This case presents error from the superior court of Oklahoma county, where the plaintiffs in error were plaintiffs, and defendants in error were defendants. Judgment was entered for plaintiffs for certain lands and for cancellation of certain real estate contracts, but declaring a lien on said land in favor of defendant the Oklahoma City Land & Development Company for the sum of $1,000. A demurrer to the evidence was sustained as to all other defendants.

Defendants filed a motion to dismiss this appeal for the following reasons, to wit: (1) Because no petition has been filed as required by section 5238 of the Revised Laws of 1910; (2) because no waiver of the issuance and service of summons in error was had, no praecipe filed, and no summons issued, and no appearance; (3) because the case made was not served in time, or within the time extended by any valid order; (4) because the original case-made is not attached to the purported petition in error.

Under the first ground for dismissing this appeal it is urged that the petition in error confers no jurisdiction on this court, for the reason that it purports to appeal from a judgment of the district court of Oklahoma county, and the judgment was rendered by the superior court of said county,

as shown by the case-made. The petition in error has attached to it the case-made. Section 5240, Rev. Laws 1910, provides:

"In all actions hereafter instituted by petition in error in the Supreme or other appellate court the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below. * * *"

It follows then that the original case-made is a proper and necessary exhibit to the petition in error, and, as such, will control the allegations of the petition which refer to the matters and things shown by the exhibit and which are a part of said exhibit.

Our own court, as early as the case of Grimes v. Cullison, 3 Okla. 268, 41 Pac. 355, adopted the rule laid down by the Kansas court, and Judge Dale in that case said:

"The petition in this case, * * * without the exhibits, would not be a good petition; with the exhibits, giving to such exhibits all of the force and effect which they would have if they were set out in full in the petition, the petition states a cause of action." Budd v. Kramer, 14 Kan. 101; State v. School District No. 3, 34 Kan. 237, 8 Pac. 208; Ward v. Clay, 82 Cal. 502, 23 Pac 50, 227; Whiteacre v. Nichols, 17 Okla. 387, 87 Pac. 865; Wey et al. v. Bank of Hobart, 29 Okla. 313, 116 Pac. 943; Pefley v. Johnson, 30 Neb. 529, 46 N. W. 710; Emeric v. Tams, 6 Cal. 156; Whitby v. Rowell, 82 Cal. 635, 23 Pac. 40, 382; Hays v. Dennis, 11 Wash. 360, 39 Pac. 658; Long v. Shepard, 35 Okla. 489, 130 Pac. 131.

Applying the rule laid down in the foregoing decisions, the case-made supplies the improper description of the judgment and the court from which the appeal was taken.

Defendant's second ground for dismissing the appeal cannot prevail, for the reason that it is admitted, and the record shows, a waiver of service of summons in error was given by the defendant, and the law will not require a vain or unnecessary thing to be done. The object of filing a praecipe and issuing summons have been attained when summons is waived. A waiver will extend to all matters which necessarily are implied or included in the same. 40 Cyc. 265.

3. In considering the third ground, "because the case-made was not served in time, or within any time extended by a valid order," it appears only necessary to say that the original judgment shows extension of time was granted immediately upon overruling the motion for new trial, and the order entered on the 16th day of July, 1914, further extending the time, taken in connection with the recitals in the case-made, is a substantial compliance with the law as

laid down in the case of Holmberg v. Will, 49 Okla. 138, 152 Pac. 357, the second paragraph of the syllabus of which reads as follows:

"A recital in the case-made that upon the overruling of the defendant's motion for new trial he excepted to the court's action and gave notice of appeal, and was allowed 60 days to make a case-made, and 10 days for the suggestion of amendments thereto, and five days to sign and settle, is a sufficient showing of an extension of time by the court to make and serve, sign, and settle the case-made."

4. The fourth ground of defendant's motion to dismiss, "because the original case-made is not attached to petition in error," is decided by what we have said in passing upon the first ground for dismissing the appeal; the exhibit shows that it is the original case-made, and controls the allegations of the petition in so far as the case-made is misdescribed.

The motion to dismiss the appeal is therefore overruled.

By the Court: It is so ordered.