ELLIOTT VS GARVIN.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 878).

1. *Appeal—Showing Error.*

An appellant, making allegation that a judgment against him was obtained through fraud, must overcome the lower court's finding that no such fraud existed.

2. *Evidence—Notice of Laws.*

Judicial notice is not taken by the Federal Court as to what the laws of the Chickasaw Nation are, but such laws must be proved by

introduction of authorized publications or by testimony of some
person learned in that law.

Appeal from the United States Court for the Southern
District of the Indian Territory; before Justice Hosea Townsend,
January 31, 1905.

Action by S. J. Garvin against John C. Elliott, adminis-
trator, etc. Judgment for plaintiff, and defendant appeals.
Affirmed.

*J. T. Blanton* and *L. C. Andrews*, for appellant.

*S. T. Bledsoe* and *J B. Thompson*, for appellee.

LAWRENCE, J. This action arises out of a transaction
between appellant's intestate and appellee, both members of
the Chickasaw tribe of Indians, of this territory. Under the
law each was entitled to an allotment out of the tribal land, and
deceased, having more land in his possession than he could take
as his allotment, on June 3, 1903, for the consideration of $2,500
to him paid in cash by appellee, sold and by deed of conveyance
undertook to convey to appellee, by deed in form a quitclaim,
his surplus land, being 200 acres, with the accrued rents and
rents to accrue. The deed closed with a covenant as follows:
"I hereby agree to warrant and defend the title to said lands
and premises against all persons claiming the same by, through
or under me or my deceased wife." This land was actually
occupied by the deceased and his tenants at the time of said
conveyance, and appellee never got actual possession of same.
Soon after this conveyance the grantor, Burks, died intestate,
and appellant was appointed his administrator by the county
and Probate Court of Pickens county, Chickasaw Nation,
which at that time had exclusive jurisdiction of probate matters
therein. Burks, after the conveyance to appellee, caused this
land to be allotted to himself and his children. After the death
of Burks, his administrator had the actual possession of this
land, and, upon demand of appellee to surrender possession,

refused to grant it. Thereupon, on the 25th day of September, 1903, appellant presented his claim to the said Probate Court for allowance. The records of that court, by a certified copy attached to appellee's claim in the United States District Court, show that said Garvin "is entitled to have and recover from said estate the sum of $2,500 for the amount advanced for the purchase of a farm situated near Pauls Valley, Indian Territory, and it appearing that the said sum of $2,500 has never been paid, and is due and owing to Sam J. Garvin, it is therefore ordered, adjudged, and decreed by said court that the said claim of $2,500 should be paid, and the administrator, John C. Elliott, is ordered to pay the said Sam J. Garvin the sum of $2,500 out of any moneys belonging to the estate of said W. S. Burks, deceased." Subsequently, by an act of Congress entitled "An act providing for the appointment of additional judges for the Indian Territory, and for other purposes," approved April 28, 1904 (33 Stat. 573, c. 1824), the jurisdiction of the tribal courts in all matters of probate were transferred to the United States District Courts of the territory. The matter of the estate of Burks was transferred to the Southern District Court. January 30, 1905, this appellee filed in said District Court his claim against appellant, founded upon said judgment of the Probate Court of Pickens county, Chickasaw Nation. On same day appellant filed his answer thereto, specifically denying that he was indebted in any sum whatever to appellee; and admits that appellee recovered a pretended judgment against him before the probate judge of Pickens county for $2,500, but the same was without any notice to appellant or appearance by him before said probate judge, and, by reason thereof, the same is void for want of jurisdiction of the person of appellant, and alleges a further want of jurisdiction of the said probate court because it was limited to the consideration of all cases involving $1,000 or less. It is further therein alleged fraud and collusion on part of appellee and the

judge of said Probate Court, in that appellee was an influential person of reputed wealth, and that by means thereof he corruptly and fraudulently induced said probate judge to render the judgment aforesaid. The appellant therein further alleges that under the covenants of the deed executed by his intestate to appellee for the land therein described there was absolutely no liability incurred by the grantor Burks; furthermore, the said land was then a part of the public domain of the Choctaw, Chickasaw country and not subject to sale; that said contract of sale was in violation of law, and was not the foundation of any claim of appellee. The matter was by the court referred to its probate commissioner to take evidence, and report same with his findings of fact. This the commissioner did, and reported that he found there was no fraud or collusion between Garvin, appellee, and the said probate judge in the obtaining of the judgment of $2,500. To this report appellant filed exceptions to the finding that there was not any fraud or collusion in the obtaining of the judgment, and the failure of the commissioner to find that appellant had a valid and meritorious defense to the alleged cause of action, and that there was no liability upon the covenant of the deed introduced in evidence. These exceptions were overruled by the court, and judgment was rendered in favor of appellee upon said judgment of the Probate Court of Pickens county, Chickasaw Nation, for the sum of $2,500, with interest thereon at 6 per cent. per annum since February 18, 1904. Appellant followed with a motion to vacate judgment and for new trial, setting forth four grounds: First, the holding that the judgment of the Probate Court was res judicata when the evidence showed it was a legal fraud; second, the confirmation of the probate commissioner's finding that the judgment of the Indian court was not obtained by collusion and fraud between appellee and the probate judge of that court; third, the holding of the District Court that the judgment of the Indian court could only be attacked for fraud

and that no fraud appeared; fourth, the holding by the District Court that the estate of Burks was liable on the covenants contained in the deed of Burks to Garvin, appellee. This motion was overruled. The appellant prayed an appeal, which was allowed, and he here assigns in his brief six errors committed by the District Court, which are substantially the same as set forth in the motion to vacate judgment and for a new trial.

The assignment of errors embraces but one contention—the validity of the judgment of the Indian court. The only evidence offered was that of appellant. He produced as witnesses the appellee and Colbert, the judge who rendered the judgment in the Indian court, both of whom were, by the answer, charged with being co-conspirators in making the alleged fraudulent judgment. The commissioner who heard the witnesses found that there was not such fraud, and this was confirmed by the court. The burden is cast upon appellant to overcome this finding and judgment. We are firmly convinced from a careful examination of the record that the commissioner and court were right in this finding. There might have been some ground for attack upon the judgment of the Indian court, for it appears that it was rendered without any notice to the defendant administrator, but the appellant saw fit to try the case on its merits in the District Court, and that court found upon the evidence and the law that appellant's intestate had received from appellee $2,500, which, in equity and good conscience, should be repaid him. The case was in effect tried de novo by the District Court, the same as though it had been appealed from the Indian court. The fight was in the open and upon the affirmative allegations of the answer of appellant, in which he set up every defense that could be made—meritorious and technical. He entered the camp of his opponent for witnesses, and sought to have them commit the suicidal act of proving that the judgment was the result of the most infamous conspiracy to corruptly and fraudulently make a judgment.

Moreover, the Constitution and statutes of the Chickasaw Nation were introduced in evidence in the endeavor to show that the judgment was unwarranted, but they have not been mentioned in argument, and they rather tend to sustain than overcome the judgment.

The appellant most strenuously contends that his intestate could not be liable upon the covenants of the deed he made to appellee, because it was merely a deed of quitclaim, without entering into a consideration of the question how far it is binding upon the grantor to restore to the grantee the consideration or any part thereof, or what evidence dehors the deed would be admissible, to show the intention of the parties thereto at the making of it, yet the appellant overlooks the last clause of the deed, herein quoted, of special warranty against all persons claiming the same by or under the grantor. The evidence shows that the grantor never surrendered possession during his lifetime, and that his legal representative refused to deliver possession to appellant, or refund the money. It is to be considered that the interest sought to be conveyed by this deed was the right "to file an allotment thereon by an Indian," and to receive the improvements thereon and the rents. It was not the conveyance of the fee, but the transfer of a mere right of possession, and to make allotment thereon by an authorized Chickasaw citizen. We think the recital contained in Probate Court's judgment—"for the amount advanced for purchase of a certain farm situated in Pauls Valley, Indian Territory, for benefit of said estate"—is pertinent and legally correct. And the Indian judge who made this entry, when being examined as a witness by appellant, made some answers not less pertinent: "Q. Did you arrive at your conclusion of the justness of the claim as a matter of law, or did you just arrive at it as a matter of equity and justice and right? A. • I thought it was a matter of law, and equity and justice, too. Q. Did you hold it as a matter of law that a party was liable

on his deed because of the failure of any title?    A.    Yes, sir.
Q.    What law did you find that to be, United States law or
Indian law?    A.    That comes according to our Indian law.
I wasn't practicing United States Court at all.    Whenever we
sell a man stuff, it is supposed he delivers the goods."    This
court does not take judicial notice of what the law of the Chick-
asaw Nation is.    It must be alleged and proved under the same
rule as a foreign law is proved, by the introduction in evidence
of the authorized publications containing it, or by the testimony
of some one who can state that he is learned in the law.    This
testimony of the probate judge may have satisfied the mind
of the trial court as to the Chickasaw law, and the absence of
anything to the contrary compel us to assume that the law
of the forum to be as proved, and that the Probate Court of
Pickens county, Chickasaw Nation, was acting within its power
when it rendered the judgment sued upon in this action.

No injustice can be done by affirming a judgment that
puts both parties upon an equality, by allowing the one to hold
the land he never gave up, and the other to receive back the
money for which he got nothing in return.

The judgment is affirmed.

Gill, C. J., and Clayton, J., concur.