## BOUDINOT v. MORRIS.

### No. 602. Opinion Filed July 12, 1910.

### (110 Pac. 894.)

**INDIANS—Cherokees—Rights of Intermarried Whites—Allotted Lands.**
White persons who intermarried with ·Cherokees after November 1, 1875, when a Cherokee law became effective which declared that such person by intermarriage acquired no right of soil or interest in the vested funds of the Cherokee Nation, are not entitled to share in the allotment of the lands or in the distribution of any of the funds belonging to such nation, and are not entitled to be enrolled for that purpose and a sale of improvements, consisting of cleared land in the Cherokee Nation and putting the same in cultivation by such persons, to a person

entitled to take said lands by allotment, does not constitute sufficient consideration to support a promissory note executed in payment thereof.

(Syllabus by the Court.)

*Error from Cherokee County Court; J. T. Parks, Judge.*

Action by Clara M. Boudinot against H. M. Morris. Judgment for defendant, and plaintiff brings error. Affirmed.

*James S. Davenport* and *J. D. Cox,* for plaintiff in error.

*Bruce L. Kennan,* for defendant in error.—Citing *Red Bird v. U. S. et al.,* 203 U. S. 76, and *Elliott v. Garvin* (Ind. Ter.) 104 S. W. 878.

KANE, J. This was an action by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, upon a promissory note. The defendant answered in two paragraphs. The first, the only one we deem it necessary to notice, was to the effect that the defendant admitted the execution of the note sued on, but alleged that said note was given without any consideration; that said note was executed for the purchase and conveyance to said defendant of certain pretended ownership in and to certain improvements upon land in the Cherokee Nation, to which at the time said note was executed said plaintiff had no ownership in nor right to sell. There was a trial before a jury, a verdict for the defendant, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The plaintiff testified, in substance, that she was an intermarried white woman; that the improvements she sold to the defendant were cleared land in the Cherokee Nation; that the land was river bottom land, with heavy timber, and said plaintiff had about 15 acres thereof cleared and put in a high state of cultivation; that she had been in possession of said land for about 15 years. Counsel for plaintiff in error contend these improvements constituted a sufficient consideration for the note. The note bore the date the 31st day of August, 1903. The record fails to show that the plaintiff is an intermarried white woman with a Cherokee

Vol. 26—49

Indian, but that was the theory the case was tried on below, and that is probably her status. Admitting that she is an intermarried white woman with a Cherokee, she falls within the purview of the act of Congress in relation to intermarried citizens of the 1st day of November, 1875, and her rights are determined by the case of *Red Bird v. U. S.,* 203 U. S. 76, 27 Sup. Ct. 29, 51 L. Ed. 96, wherein it is held that such persons acquired by intermarriage no rights to the lands in the Cherokee domain, nor interest in the vested funds of the Cherokee Nation. That was an appeal from the Court of Claims to review a decree which adjudged that only such white persons as intermarried with Cherokees by blood prior to November 1, 1875, were entitled to any share in the Cherokee property, or to be enrolled for that purpose. The fifth paragraph of the syllabus reads as follows:

"White persons who intermarried with Cherokees after November 1, 1875, when a Cherokee law became effective which declared that such persons by intermarriage acquired no right of soil or interest in the vested funds of the Cherokee Nation, are not entitled to share in the allotment of the lands or in the distribution of any of the funds belonging to such Nation, and are not entitled to be enrolled for that purpose."

Counsel for the plaintiff in error argue that the act of Congress approved March 2, 1907 (chapter 2521, 34 Stat. 1220), recognized property rights in such improvements made by intermarried Cherokees before the decision of *Red Bird v. U. S., supra.* This act simply recognized an equity in those that have made permanent and valuable improvements on land belonging to the Cherokee Nation prior to the decision of the Supreme Court, and provided that within a certain time, not more than 60 days after the approval of said act, intermarried Cherokee citizens shall have the right to sell such property to citizens of the Cherokee Nation entitled to select allotments, and provides a way to secure payment therefor. The intermarried white woman was a noncitizen so far as property rights were concerned, and the act of Congress last above referred to provided an exclusive statutory remedy to be taken advantage of within a specified time, and does not attempt to make such improvements subject to barter and sale generally.

We cannot agree with counsel that it was "a matter of common and general knowledge that all courts will take notice of that a white woman marrying an Indian man, a member of the Cherokee Tribe, acquired the same rights as a white man who married an Indian woman, a member of the tribe, in accordance with the laws of the Nation, and among those rights was that of segregating possessory rights in the public domain by making improvements thereon, and those improvements were regarded as property and were the subject of sale and descent." Counsel for defendant in error quotes from the laws of the Cherokee Nation as follows:

"All improvements, whether the same be farms in cultivation, pastures inclosed, wells dug or bored, dwelling houses, barns or other structures, built or erected, growing crops, erections of any kind, upon the public domain, now made or that may hereafter be made, by any person or persons, not citizens of the Cherokee Nation, and who are not authorized by the laws thereof or its treaties with the United States, are hereby declared to be the property of the Cherokee Nation, and any sale or pretended sale, lease or conveyance of any nature whatsover, from such unauthorized persons hereinbefore declared to be intruders and trespassers upon the public domain, to any person, a citizen of this Nation or otherwise, is hereby declared null and void and of no effect whatever."

This quotation indicates that the laws of the Cherokee Nation were not as stated by counsel for plaintiff in error, but, be this as it may, this court is precluded from taking notice of such laws. *Elliott* v. *Garvin,* 7 Ind. Ter. 679, 104 S. W. 878.

The judgment of the court below is affirmed.

All the Justices concur.