## CORNELIUS v. MURRAY.

No. 1275.   Opinion. Filed January 9, 1912.

(120 Pac. 653.)

CONTRACTS—Contract to Sell Land—Consideration.  In a suit to enforce a contract providing for the payment of money, where it appears from the allegations of the answer that the consideration thereof was a sale of the improvements on, and possession of, lands held by the promisee, in violation of Act Cong. July 1, 1902, c. 1362, 32 St. 641, held, that the same furnished no consideration for the contract, and that a demurrer thereto was improperly sustained.

(Syllabus by the Court.)

*Error from Garvin County Court;*
*W. B. M. Mitchell, Judge.*

Action by A. Murray against B. F. Cornelius.  Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*O. W. Patchell* and *Marion Henderson*, for plaintiff in error.

*J. B. Thompson,* for defendant in error.

TURNER, C. J.   On March 6, 1908, A. Murray, defendant in error, sued B. F. Cornelius, plaintiff in error, in the county court of Garvin county.   Her amended petition substantially states:   That both plaintiff and defendant are citizens of the Choctaw-Chickasaw Nations, and as such entitled to occupy and control all the lands of said tribes of which they might be in possession up to 90 days after the establishment of the Chickasaw land office.   That on January 23, 1903, plaintiff, being in possession of what was known as the "Lowrimore place," contracted to sell the improvements thereon and give possession thereof to one Cobb for $1,000.   That said contract read:

"Erin Springs, Ind. Ter., Jan. 23, 1903.   To Whom It May Concern:   Know all by these presents; that the said J. J. Cobb, purchaser of the place known as the 'M. Lowrimore place,' on Lowrimore creek, here agrees to pay unto the said A. Murray the following:   One-half of all the rents of said place for such times that one-half of said rents paid will pay unto said A. Murray one thousand dollars ($1,000.00) without interest on said indebtedness.   It is further agreed and understood the rents of above specified is only of lands now under cultivation, about one hundred (100) acres.   [Signed] J. J. Cobb."

That it was intended thereby to sell only the improvements on said land and the possession thereof to said Cobb.   That thereafter it was agreed between plaintiff and defendant that he would give the same amount therefor as had been contracted between plaintiff and Cobb.   That said offer was accepted, and defendant took possession of said place, and complied with said contract by paying rents for the years 1903, 1904, and 1905, but failed and refused so to do for 1906 and 1907, and repudiated said contract, and denies that he is indebted to plaintiff in any sum.   That said rents for the years 1903, 1904, and 1905 amount to $440.27, leaving $559.73 due plaintiff on said contract.   She prayed for judgment for that amount and costs.   After demurrer thereto filed and overruled, defendant answered, in effect a general denial and pleaded that the improvements on and possession of the

lands described in the petition were the consideration of the alleged contract sought to be enforced; that on said day said lands were a portion of the unallotted lands of the Choctaw and Chickasaw Nations; that being in possession of more in value than that of 320 acres of average allottable lands of said nation, the amount she could hold for herself, she on said date sold the same to defendant as alleged in her petition, which said lands were thus held in excess by her, contrary to the provisions of section 19 of an act of Congress approved July 1, 1902; and that she had no minor children on the 25th day of September, 1902, or thereafter. It is unnecessary to consider further allegations in the answer, for the reason that the court sustained a demurrer to said affirmative defense, to which defendant excepted, and after trial to a jury and judgment for plaintiff he brings the case here, and assigns such ruling as error.

Such it is. Said act, pleaded in defense of the action, was ratified September 25, 1902. Section 19 reads:

"It shall be unlawful after ninety days after the date of the final ratification of this agreement for any member of the Choctaw or Chickasaw tribes to inclose or hold possession of in any manner, by himself or through another, directly or indirectly, more lands in value than that of three hundred and twenty acres of average allottable lands of the Choctaw and Chickasaw Nations, as provided by the terms of this agreement, either for himself or for his wife, or for each of his minor children if members of said tribes; and any member of said tribes found in such possession of lands, or having the same in any manner inclosed after the expiration of ninety days after the date of the final ratification of this agreement, shall be deemed guilty of a misdemeanor."

In *McLaughlin v. Ardmore Loan & Trust Co.,* 21 Okla. 173, 95 Pac. 779, we applied the law as laid down in said section to a similar state of facts. There we said:

"The question for us to determine is whether there appears in this transaction such a consideration as will support an express promise to pay. By virtue of the terms of Act Cong. July 1, 1902, c. 1362, sec. 19, 32 Stat. 643, ratified September 25, 1902, plaintiff in error lost the right of possession of the lands attempted to be conveyed to defendant in error, the price of which furnished the consideration of the note sued on. By that act

such right of possession went back into the tribe by operation of law. It follows that at the time of this transaction the payee had nothing in these lands which he could convey to a citizen of the Choctaw Nation. * * *"

To that opinion we adhere. The law as there laid down governs this cause.

After careful consideration of section 25 of the same act, we are convinced that there is no merit in the contention of counsel for defendant in error that plaintiff below had the right to hold possession of this land for 90 days after the establishment of the Chickasaw land office, which was after expiration of the 90 days prescribed in section 19, *supra*. It follows that as at the time of this transaction plaintiff had nothing in these lands she could convey, the promise to pay was without consideration and cannot be enforced. *Boudinot v. Morris,* 26 Okla. 768, 110 ·Pac. 894.

The cause is accordingly reversed and remanded.

HAYES, KANE, and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.