## THOMAS v. GLENN et al.

No. 3736.   Opinion Filed June 1, 1915.

Rehearing Denied October 19, 1915.

(150 Pac. 887.)

1.   INDIANS—Improvements on Indian Land—Rights of Purchaser. A purchase by a citizen of the Cherokee Nation by blood from an intermarried noncitizen of said tribe, of improvements on lands owned by the Cherokee Nation, made prior to the passage of Act Cong. March 2, 1907, c. 2521, 34 Stat. 1220, did not vest in said purchaser any interest in said improvements, and by such purchase the purchaser did not acquire any preferential right to file upon land upon which another citizen by blood of said nation had been legally allotted.

2.   INDIANS—Contest of Allotment—Evidence—Affidavit. In a contest of an allotment, legally made to a citizen by blood of the Cherokee Nation, the contestee did not appear, but made an affidavit, which was in evidence in said contest, that he (contestee) relinquished all his right to the land in contest. Held, that such affidavit was not germane to the issues involved in such contest, and that same was properly "ignored" as evidence therein by the officials before whom said contest was tried.

3.   INDIANS—Indian Lands—"Permanent and Lasting Improvements." Under Act Cong. March 2, 1907, c. 2521, 34 Stat. 1220, a two-wire fence, inclosing land, together with other lands, does

not constitute "permanent and lasting improvements," within the purview of said act.

4.    INDIANS—Allotments—Decision of Commission or Secretary— Review by Courts. Counts of equity have jurisdiction, after the Commission to the Five Civilized Tribes and the Secretary of the Interior have exercised their powers and exhausted their jurisdiction, to determine whether by error of law, or through fraud or gross mistake of fact, the commission or the secretary has failed to allot land in the Cherokee Nation to the citizen who, under the law and the treaties, was entitled to same.

5.    SAME—Contest of Allotment—Pleadings. The evidence set up in the petition in this cause held sufficient to sustain the findings of fact and conclusions of law made by the Secretary of the Interior and the other officials in the contest here involved.

(Syllabus by Collier, C.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by Charles Thomas, as administrator of the estate of Sequoyah B. Thomas, deceased, against Nancy A. Glenn, as administratrix of the estate of Samuel C. Glenn, deceased, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

The controversy in this case arises under an action brought by Charles Thomas, as administrator of the estate of Sequoyah B. Thomas, deceased, hereinafter referred to as plaintiff, against Nancy A. Glenn, as administratrix of the estate of Samuel C. Glenn, deceased, and others, hereinafter designated as defendants, praying that title to the lands described in said petition and the improvements thereon be divested out of said defendants, and that said defendants be required to make and deliver a proper conveyance of any right, title, or interest in and to said tract of land or the improvements thereon to said plaintiff, or, in default of such conveyance, that a decree be rendered herein which would operate as a conveyance and vest any right, title, or interest in said

tract of land and the improvements thereon in said plaintiff forever.

Both Sequoyah B. Thomas, deceased, and Samuel C. Glenn, deceased, were citizens by blood of the Cherokee Nation, and each entitled to an allotment of the Cherokee domain. On October 7, 1907, Samuel C. Glenn appeared at the Cherokee land office, and the Commissioners to the Five Civilized Tribes set apart to him as a portion of his allotment the lands in controversy. On October 9, 1907, Charles Thomas, as administrator aforesaid, appeared at said land office and made application to have the land in controversy set apart to Sequoyah B. Thomas, deceased, as a portion of his allotment; and, the same having been theretofore selected, said Charles Thomas was so notified by the commissioner, and his application for said land was refused. On the 9th day of October, 1907, plaintiff instituted a contest for said allotment, at which the contestee, though duly notified, did not appear, or cause any evidence to be offered in his behalf. On a trial of said contest, among other evidence offered by the contestant, was a bill of sale, dated February 4, 1907, to plaintiff, made by a Mrs. Williams, an intermarried citizen, who had been denied the right to an allotment; showing that she by said bill of sale sold to contestant the improvements on the land in controversy; that said improvements consisted of a wire fence around said land and other lands. Plaintiff put in evidence at said contest an affidavit, duly made by the contestee, "that he relinquished all claims of every kind to the land in controversy; that he had never at any time been in possession of said land; that contestant had at all times been in possession of said lands, and is the owner of the improvements thereon." Said evidence disclosed that at the

time said land was allotted to Samuel C. Glenn there was no house upon said land, and there was no evidence before the commissioner at the trial of said contest that the plaintiff was in actual possession of said land. The evidence of plaintiff at the trial of said contest as to. occupancy of said land was:

"They turned the place over to me. They had it rented to a man by the name of Gale, and I then rented to Tom Reynolds. Gale stayed on the place during 1907, but was not there as my tenant."

The commissioner decided adversely to plaintiff, holding "that the contestant acquired no title by reason of his purchase from the noncitizen; that he did not take possession through the actual occupancy of said land." From this decision plaintiff appealed to the Commissioner of the Land Office, and from the Commissioner of the Land Office to the Secretary of the Interior, each of whom upheld the ruling of the Commissioner to the Five Civilized Tribes.

Attached to the petition of plaintiff as an exhibit is a transcript of all the evidence had upon the hearings of said contest, and there are no allegations as to facts in said petition that were not offered in such contest; and the only averment as to the erroneous ruling, made respectively by the Commissioner to the Five Civilized Tribes, the Commissioner of the Land Office, and the Secretary of the Interior, is that:

"The Secretary of the Interior committed an error of law in awarding the said land to the said Nancy A. Glenn, as administratrix of the estate of Samuel C. Glenn, deceased, and in not awarding the said land to this plaintiff, and committed an error of law in disregarding the evidence and disregarding the admitted and proven facts in the case."

Pending the trial of said cause plaintiff secured an injunction restraining defendants and each of them, their attorneys, servants, agents, and employees, from interfering with the possession of plaintiff or his tenant in possession of said tract of land described in the petition. Defendants demurred to the petition upon several grounds, including "that the petition of plaintiff did not state facts sufficient to constitute a cause of action, or to authorize the court to grant him the relief prayed for." Said demurrer was sustained by the court, to which ruling of the court holding said petition insufficient in law plaintiff duly excepted, and declined to plead further, and elected to stand upon his petition. The court thereupon rendered final judgment in favor of defendants and against said plaintiff, and set aside and annulled the temporary injunction that had been issued, and adjudged the costs in the case in favor of defendants and against plaintiff.

*James S. Davenport,* for plaintiff in error.

*J. C. Starr* and *Guy Patten,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). There are no allegations in the petition setting out how the Secretary of the Interior erred, either in considering the evidence or deciding the law. The averments of the petition "that the Secretary of the Interior committed an error of law in awarding said land to said Nancy A. Glenn, as administratrix of the estate of Samuel C. Glenn, deceased, and in not awarding said land to this plaintiff, and committed an error of law in disregarding the evidence and disregarding the admitted and proven facts in the case," are mere conclusions of the pleader.

While it is the better practice to make a direct statement of the facts in the order in which they occurred, this being the oderly method that a good pleader will observe, where exhibits are made a part of the petition, although not required by the statute, and when taken in connection with the contents of the petition, state a cause of action, reference may be had to such exhibits in order to determine whether a cause of action has been stated to such an extent as to withstand a general demurrer. *Long v. Shepard*, 35 Okla. 489, 130 Pac. 131. Under the authority cited, the petition will be construed in connection with said exhibits attached to the petition as a part thereof, and, thus considered, it it will be held that the petition specifically avers that the Commissioner to the Five Civilized Tribes, the Commissioner of Indian Affairs, and the Secretary of the Interior each erroneously considered the evidence that the plaintiff was not in possession of the land in controversy when he attempted to file thereon, and erred in holding that the purchase of said improvements upon said land by plaintiff from Mrs. Williams was void, and that each of said officials erred, as a matter of law, by not holding that plaintiff had a preferential right to file upon said land by reason of the purchase of said wire fence upon said land from Mrs. Williams.

In the case of *Harnage et al. v. Martin et al.*, 40 Okla. 341, 136 Pac. 154, this court held:

"Courts of equity have jurisdiction, after the Commissioner to the Five Civilized Tribes and the Secretary of the Interior have exercised their powers and exhausted their jurisdiction, to determine whether by error of law, or through fraud or gross mistake of fact, the commission or the secretary has failed to allot land in the Cherokee Nation to the citizen who, under the law and the treaties, was entitled to the same."

From said affidavit of contestee, offered in evidence herein, it is made to appear that at the time plaintiff sought to have said land allotted to his intestate plaintiff was in possession of same, and that he (contestee) relinquished all claims of every kind to said land. The evidence of plaintiff directly contradicts said affidavit of the contestee, that plaintiff was in possession of said land at the time he attempted to file upon the same for his intestate. Whether or not said contestee relinquished his right to the land which had been allotted to him was not germane to the issue involved in said contest, and the commissioners and the secretary properly "ignored" such alleged relinquishment. If the contestee desired to relinquish said land, which had been allotted to him, he should have taken direct proceedings to accomplish the same; and the Secretary of the Interior would be entirely unwarranted in setting aside an allotment, upon affidavit alone "that the allottee relinquished his allotment."

As shown by the so-called bill of sale offered in evidence, plaintiff attempted to purchase the improvements on the land in controversy on February 4, 1907, prior to the approval of act of Congress of March 2, 1907 (34 Stat. at L. p. 1220), which is as follows:

"That for sixty days after allotment but in no case less than sixty days after the approval of this act white persons who intermarried with Cherokee citizens prior to December sixteenth, eighteen hundred and ninety-five, and made permanent and valuable improvements on lands belonging to the Cherokee Nation prior to the decision of the Supreme Court of the United States in the case of Daniel Red Bird, the Cherokee Nation, and others, against the United States (203 U. S. 76), shall have the right to sell such improvements to citizens of the Cherokee Nation entitled to select allotments at a valuation to be

approved by an official to be designated by the Secretary of the Interior for that purpose; and the vendor shall have a lien on the rents and profits of the land on which the improvements are located for the purchase money remaining unpaid and shall have the right to enforce such lien in any court of competent jurisdiction: Provided, that where citizens of the Cherokee Nation entitled to allotments have heretofore applied for lands on which intermarried white persons own improvements, such citizens entitled to allotments shall have the prior right to purchase said improvements as herein provided."

In *Boudinot v. Morris,* 26 Okla. 770, 110 Pac. 895, it was held that, so far as an intermarried noncitizen was concerned, the statute relied upon "does not attempt to make such improvements subject to barter and sale generally." Thus it will appear that said sale, claimed by Mrs. Williams of the improvements upon the land in controversy, is a nullity, by reason of the fact that at the time of the purported sale she had no right to sell the same; that same had not been appraised in the manner provided by law; and that said improvements were not permanent and valuable improvements. *Ross et al. v. Wright et al.,* 29 Okla. 186, 116 Pac. 949; *Boudinot v. Morris, supra.*

The presumption favors the correctness of the ruling of the Secretary of the Interior; and, in order that a court of equity may properly set aside his ruling in regard to which of two Indians is entitled to an allotment, it must affirmatively appear from the pleadings that such ruling was caused by error of law, or through fraud or gross mistake of facts. In the instant case it clearly appears from the petition, aided by the exhibits made a part thereof, that plaintiff did not legally purchase the improvements on the land in controversy, and had no

interest therein. Upon this proposition rested his right to favorable consideration in the contest waged by him. Plaintiff, having failed in this particular, and there being evidence from which the secretary could reach the conclusion that plaintiff was not in possession of the land prior to the time defendant filed thereon, and the so-called relinquishment by the contestee to his allotment of said land not being germane to said contest instituted by plaintiff, the correctness of the ruling of the secretary cannot be questioned. Therefore the petition in this case failed to state a cause of action, and the court did not err in sustaining a demurrer thereto.

There being no prejudicial error in this case, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.