**GAMBLE et al. v. EMERY.**

No. 11324—Opinio Filed July 31, 1923.

Rehearing Denied Dec. 18, 1923.

1. Appeal and Error — Record — Ruling on Demurrer—Method of Review.

The ruling of the court upon a demurrer may be presented to this court for review upon a proper transcript of the record, without being incorporated into a case-made. Board of Commissioners of Logan County v. Harvey et al., 5 Okla. 468, 52 Pac. 402.

2. Courts — Decision of Commissioner to Five Civilized Tribes—Binding Force.

While a decision of the Commissioners to the Five Civilized Tribes on matters of law as to the ownership of improvements on segregated coal lands of said tribes is not binding on the courts, such decision should not be annulled unless clearly erroneous. Ross et al. v. Wright et al., 29 Okla. 186, 116 Pac. 949.

3. Same—Presumption.

Such decision of the Commissioner to the Five Civilized Tribes will be presumed to be correct until same is proved to be erroneous through fraud or gross mistake as to the facts.

4. Indians — Ownership of Improvements on Land—Sufficiency of Petition.

In a suit by plaintiffs for conversion of property and use of improvements on segregated coal lands of the Five Civilized Tribes, a petition containing the decision of the Commissioner to the Five Civilized Tribes, showing ownership of such improvements in the plaintiffs, under the act of Congress approved February 19, 1912, and amendment thereto, is not vulnerable to a demurrer, if the cause is otherwise properly pleaded.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by G. A. Gamble and A. C. Sewell against Joe Emery for conversion of property and use of improvements on segregated coal lands. Demurrer sustained to the petition, and plaintiffs appeal. Reversed.

A. C. Sewell, for plaintiffs in error.

J. S. Arnote, for defendant in error.

Opinion by ESTES, C. Plaintiffs Gamble and Sewell sued the defendant, Emery, in the county court of Pittsburg county for conversion of fruit from a certain orchard and for the use of one certain house and for the value of certain fences, which fences were alleged to have been destroyed by the defendant, Emery. Plaintiffs alleged that they were the owners of the orchard, the house, and the fences, and that all of same were located on certain segregated coal lands, which lands belonged to the Choctaw and Chickasaw Nations. As a muniment of their title to said orchard and house, plaintiffs attached to their petition a purported copy of a decision in a certain contest tried before Honorable J. George Wright, Commissioner to the Five Civilized Tribes, between the parties thereto. Said decision

shows that certain fruit trees, claimed by these plaintiffs to be the ones in controversy, and the three-room house were appraised to and held to be the property of plaintiffs herein. Said decision does not cover the fences in controversy. Plaintiffs alleged, and said commissioner found, that defendant, Emery, held the said improvements by contract with the plaintiffs. The court sustained a demurrer to said petition of plaintiffs, who have appealed to this court.

1. The record shows that plaintiffs in error failed to procure an extension of time to prepare and serve case-made within the time theretofore allowed by the court for preparing and serving case-made, wherefore defendant asks that the cause be dismissed for want of jurisdiction. This contention is not well taken, under the well settled rule of this court that proceedings on appeal may be brought by case-made or by transcript of the record, and the fact that a party takes time to make a case made, and thereafter elects to prosecute his proceedings on a transcript, affords no ground for a dismissal of the appeal. Chicago, R. I. & P. R. Co. v. Reese, 26 Okla. 613, 110 Pac. 1071; Wade et al. v. Mitchell, 14 Okla. 168, 79 Pac. 95. The demurrer of the defendant, which was sustained in the instant case, is a part of the record, and the ruling thereon may be reviewed upon transcript. Board of County Commissioners of Logan Co. v. Harvey et al., 5 Okla. 468, 52 Pac. 402. As contended by plaintiffs, it is the duty of this court to accept this record as a transcript, same having been prepared and filed according to law as such.

2, 3. In Ross et al. v. Wright et al., 29 Okla. 186, 116 Pac. 949, it is said that:

"While a decision of the land department on matters of law are not binding on the courts, they should not be annulled unless they are clearly erroneous."

In such cases, it must be pleaded and proved that either through fraud or gross mistake the court fell into a misapprehension of the facts proved. Gonzales v. French et al., 164 U. S. 338, 344, 17 Sup. Ct. 102, 41 L. Ed. 458. The presumption is that the decision of the land department is correct, and this presumption will obtain until it has been overcome in the manner indicated. McKenna v. Atherton, 160 Fed. 547; James et al. v. Germania Iron Co., 107 Fed. 397; Thomas v. Glenn et al., 51 Okla. 755, 762, 150 Pac. 887, 889.

Section 300, Compiled Oklahoma Statutes 1921, provides:

"In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall be sufficient to state that such judgment or determination was duly given or made; and the jurisdiction of any such court or officer shall be presumed until the contrary appears."

4. In the instant case, the decision of the said commissioner was attached to the petition in response to a motion of the defendant. The contest before said commissioner was between the same parties as in the instant case. It is well settled that reference may be had to this exhibit in order to determine whether a cause of action has been stated as against a general demurrer. Thomas v. Glenn et al., supra; Long v. Shepherd, 35 Okla. 489, 130 Pac. 131. The said exhibit shows that the plaintiffs herein made and were in possession of said improvements and that the defendant Emery took possession thereof under contract with plaintiffs providing for rentals on improvements. This is not to be confused with rentals paid the department for use of the land.

The ownership of plaintiffs in said improvements is based on the act of Congress approved August 24, 1912, 37 Stat. 518-531, and the rules and regulations promulgated by the Department of the Interior dated August 20, 1919. Under said act and rules the right of occupancy and ownership of said improvements is recognized. Under the authorities cited, therefore, the petition, when considered with the exhibit, is good as against the demurrer of the defendant and the court erred in sustaining said demurrer.

Let the judgment of the lower court sustaining the demurrer to the petition herein be reversed and the cause proceed according to law.

By the Court: It is so ordered.